UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK GATHIGI KARANJA,

                Plaintiff,

v.

ASSOCIATE WARDEN (NWDC), *et al.*,

                Defendants.

No. C09-5391 RBL/KLS

ORDER TO AMEND OR TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4. The case is before the Court for review of the complaint of Patrick Gathigi Karanja. Mr. Karanja is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1]

## I. DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d

---
[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

ORDER - 1

359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).   Accordingly, while the Court finds that dismissal of Mr. Hopkins' complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Hopkins an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

ORDER - 2

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff alleges that "defendants have inter alia denie[d]" him "access to legal materials and subjected [him] to very cruel and harsh treatment at [the] law library." Dkt. 1, p. 1. He alleges that Defendants Cindy Ogden and Jose Monivais assign one computer to four or five detainees in the same hour and they use the "F-word" and intimidate the detainees "threatening [them] with unfounded write-ups which would be used against us in our removal proceedings." *Id*. Plaintiff also alleges that Defendant Ogden went through his floppy disc and deleted a file he was preparing for a lawsuit against her without his permission or consent and his grievances to the facility have not been answered for a month since June 12, 2009.

The Court cannot infer from the vague and conclusory statements contained in Plaintiff's complaint that any of the named defendants have violated his constitutional rights.

When a pre-trial detainee challenges some aspect of his pretrial detention, the issue to be decided is the detainee's right to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 533, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)( "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). Such challenges arise under "the 'more protective' " Fourteenth Amendment Due Process Clause, rather than the cruel and unusual punishment clause of the Eighth Amendment. *Jones v. Blanas*, 393 F.3 d 918, 931 (9th Cir.2004) (quoting *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir.1987)). But cf. *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir .1998) ("Because pretrial

ORDER - 3

detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.").

**1.      Allegations of Verbal Harassment**

Plaintiff alleges that Defendants Ogden and Monivais "always uses the F-Word and intimidates us threatening us with unfounded write ups." Dkt. 1, p. 1

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is so even if the verbal harassment is racially motivated. See *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution).

ORDER - 4

Thus Plaintiff's allegations that Defendants Ogden and Monivais used abusive and insulting language against him, although regrettable, does not state a cause of action under Section 1983.[2]

**2. Access to Law Library**

Plaintiff also complains that the Defendants denied or limited his access to the law library.

Prisoners, including pretrial detainees, "have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821 (1977); accord *Lewis v. Casey*, 518 U.S. 343, 350 (1996), grounded, as relevant to prisoners, in the constitutional guarantees of equal protection and due process, see, e.g., *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989) ("The prisoner's right of access has been described as a consequence of the right to due process of law, and as an aspect of equal protection." (internal citations omitted)); see also *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002) (observing that, in various civil and criminal cases, the Supreme Court has grounded the right of access to the courts in the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment).

The Supreme Court explained in *Bounds* that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. But the Supreme Court has likewise instructed that "Bounds did not create an

---

[2] Here and elsewhere in his complaint, the Court notes that Plaintiff refers to other detainees who are allegedly being harmed by the conduct of Defendants. However, Plaintiff may not pursue a cause of action under 42 § 1983 on behalf of any other detainee. Plaintiffs are advised that a pro se party may not represent the interests of other persons. Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

ORDER - 5

abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174, 135 L.Ed.2d 606. Instead, "[t]he right that *Bounds* acknowledged was the (already well-established) right of access to the courts," *Lewis*, 518 U.S. at 350, 116 S.Ct. 2174, 135 L.Ed.2d 606; see also id. at 351, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 ("'[M]eaningful access to the courts is the touchstone.' " (quoting *Bounds*, 430 U.S. at 823, 97 S.Ct. 1491, 52 L.Ed.2d 72)). The point is to provide prisoners with the tools they "need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355, 518 U.S. 343; see also *Bounds*, 430 U.S. at 825 (stating that the relevant inquiry is whether the inmate has "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts").

An inmate alleging a denial of his right of access to the courts must show actual injury, and "an inmate cannot establish relevant actual injury simply by establishing the prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In the Ninth Circuit, a prisoner alleging that he was denied his constitutional right of access to the courts due to inadequate access to library facilities must show two things: (1) he must demonstrate that his ability to access the library was so limited that it was unreasonable; and (2) he must establish that this limited access caused him actual injury. *Vandelft v. Moses*, 31 F.3d 794, 787 (9th Cir. 1994). An "actual injury" is " 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.' " Lewis, 518 U.S. at 348.

Thus, Mr. Karanja must allege not only that his ability to access the library was so limited that it was unreasonable, but that he suffered an actual injury; for example, he was unable to meet a court ordered deadline.

ORDER - 6

### 3. Filing of Grievance

Plaintiff also complains that a grievance or grievances he filed has not been answered for over a month. Dkt. 1, p. 2. It is not clear from this allegation whether Plaintiff is merely complaining of the delay in the processing of his grievance or whether he is attempting to state a claim against one of the named Defendants.

While there is no constitutional right to file prison grievances, retaliation for using an existing grievance procedure may be classified both as retaliation for exercising the right of free speech protected by the first amendment and the right of access to the courts. *See, e.g., Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989); *Wolfel v. Bates*, 707 F.2d 932, 933 (6th Cir.1983).

Thus, and although the NWDC may have an established grievance procedure, allegations that personnel at NWDC either denied or failed to process grievances properly are not cognizable under Section 1983.

If he is claiming a denial of access to courts, Mr. Karanja may state such a claim only if he alleges that an inadequacy in the prison's administrative grievance program hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *Lewis v. Casey*, 116 S. Ct. 2174, 2181 (1996). However, allegations of mere delay in the prison's processing of grievances is not, in of itself, enough to state such a claim. See, e.g., *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982) (mere delay in filing papers in court not enough to establish actual injury to court access if papers ultimately filed or accepted and considered by court).

If he is claiming retaliation for filing the grievance, Mr. Karanja must allege (1) that the named defendant or defendants took some adverse action against him because he filed the grievance and that such action chilled Mr. Karanja's exercise of his First Amendment rights, and

ORDER - 7

that the action did not reasonably advance a legitimate correctional goal.  See, e.g., *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994).

**4.     Naming Warden as Defendant**

Plaintiff also names "Associate Warden (NWDC)" as a defendant but includes no allegations as to this defendant.  As noted above, a plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint and a defendant cannot be held liable solely on the basis of his supervisory responsibility or position.  To state a claim under Section 1983, Mr. Karanja must allege when, where and in what manner the Associate Warden was involved in causing him constitutional harm.

**5.     Deletion of Material from Floppy Disc**

Plaintiff alleges that Defendant Ogden deleted a file from his floppy disc containing a lawsuit he was preparing against her and that she did so without his permission.  Dkt. 1, p. 2.  He fails to state, however, how this conduct has deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Therefore, Mr. Karanja has failed to state a claim under 42 U.S.C. § 1983.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies.  Plaintiff must show cause or file the amended complaint **no later than August 28, 2009.**  If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain**

ORDER - 8

**statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

> (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;
>
> (2) the dates on which the conduct of each Defendant allegedly took place; and
>
> (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5391 RBL/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by August 28, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

\\\

\\\

\\\

ORDER - 9

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

DATED this  5th  day of August, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10